NO. 07-07-0434-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



DECEMBER 29, 2008



______________________________





JOHN STEPHENS, APPELLANT



v.



THE STATE OF TEXAS, APPELLEE



_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2005-411,195; HON. JIM BOB DARNELL, PRESIDING



_______________________________



Before CAMPBELL, HANCOCK and PIRTLE, JJ.
OPINION
Â Â Â Â Â Â Â Â Â Â Appellant, John Stephens, appeals his conviction for intoxication assault with a
motor vehicle, enhanced by two prior felony convictions, and sentence of 45 years
incarceration in the Institutional Division of the Texas Department of Criminal Justice. We
affirm.
Â 
Background
Â Â Â Â Â Â Â Â Â Â On September 25, 2005, appellant and his girlfriend, Cassandra Payne, visited a
bar at which appellant consumed alcohol. After a couple of hours, the couple left the bar
on appellantâs motorcycle. While driving on the access road to Interstate 27, appellant lost
control of the motorcycle causing Payne to be thrown from the vehicle and into oncoming
traffic. As a result of being thrown from the motorcycle, Payne suffered a large wound on
her head and was knocked unconscious. A witness to the accident called 911 and both
appellant and Payne were transported to the hospital by ambulance. Based on blood
testing, appellantâs blood-alcohol concentration was 0.11 soon after the accident.
Â Â Â Â Â Â Â Â Â Â Appellant was indicted for committing the offense of intoxication assault. See Tex.
Penal Code Ann. Â§ 49.07 (Vernon Supp. 2008). The indictment alleged that appellant
drove or operated a motor vehicle in a public place while intoxicated and, by reason of
such intoxication, caused serious bodily injury to Payne through accident or mistake. The
indictment specifically alleged that appellant failed to control the motor vehicle and
operated it at an unsafe speed. Following trial, an 11 person jury returned a verdict finding
appellant guilty of intoxication assault. The trial court then found two enhancement
paragraphs true and sentenced appellant to 45 years incarceration in the Texas
Department of Criminal Justice, Institutional Division.
Â Â Â Â Â Â Â Â Â Â By three issues, appellant appeals the conviction and sentence. By his first issue,
appellant contends that the trial court abused its discretion by finding a juror disabled and
proceeding with only 11 jurors. By his second issue, appellant contends that the trial court
erred by admitting expert opinion testimony without a proper predicate, pursuant to Texas
Rule of Evidence 702, being shown. By his third issue, appellant contends he was denied
effective assistance of counsel.
Juror Disability
Â Â Â Â Â Â Â Â Â Â By his first issue, appellant contends that the trial court abused its discretion in
dismissing a juror as disabled after the jury had been empaneled. Appellant contends that
the juror simply indicated a bias or prejudice in cases involving motorcycles and that such
a bias or prejudice is an insufficient basis to find a juror disabled. 
Â Â Â Â Â Â Â Â Â Â After the jury was empaneled and sworn and after one witness testified, the trial
court recessed for the evening. After the recess, a member of the jury, Mendez, informed
the court that she did not believe that she could continue to serve on the jury in the case. 
According to the court, Mendez was âfreaking out,â âextremely upset,â and crying. The
court informed the parties that the court did not think that the juror could continue as a juror
because she was âextremely distraughtâ and she had already stated that there was no way
that she could listen to the evidence in this case. However, because appellant had already
left the courtroom, the trial court informed the parties and the juror that they would take up
the issue in the morning. 
Â Â Â Â Â Â Â Â Â Â The following morning, Mendez indicated that she continued to feel that she would
be unable to reach a verdict in the case because of what had happened to her. She
explained that, about a year earlier, she was in a similar motorcycle accident and that her
knowledge of motorcycles would preclude her from ascribing blame to anyone. When
asked if her experience and knowledge would prevent her from being a fair and impartial
juror, Mendez stated that she believed that it would. Following examination of Mendez by
both parties, the court opined that Mendez was disabled and would not be able to continue
to serve as a juror. Appellant objected on the grounds that Mendez simply held a bias or
prejudice and was not disabled to serve on the jury. The court overruled appellantâs
objection and found that Mendez was disabled to serve on the jury. The court then
overruled appellantâs motion for mistrial and granted the Stateâs motion to proceed with the
remaining 11 jurors.
Â Â Â Â Â Â Â Â Â Â The Texas Constitution requires a jury in a felony case to be composed of 12
members. Tex. Const. art. V, Â§ 13. However, this provision also authorizes the legislature
to change or modify this requirement if a juror dies or is disabled from sitting. Id. Article
36.29 of the Texas Code of Criminal Procedure provides that âafter the trial of any felony
case begins and a juror dies or, as determined by the judge, becomes disabled from sitting
at any time before the charge of the court is read to the jury, the remainder of the jury shall
have the power to render the verdict . . . .â Tex. Code Crim. Proc. Ann. art. 36.29(a)
(Vernon Supp. 2007). A juror is disabled if he has a âphysical illness, mental condition, or
emotional stateâ which hinders the jurorâs ability to perform the duty of a juror. Hill v. State,
90 S.W.3d 308, 315 (Tex.Crim.App. 2002). A disability, for purposes of article 36.29(a),
includes âany condition that inhibits a juror from fully and fairly performing the functions of
a juror.â Routier v. State, 112 S.W.3d 554, 588 (Tex.Crim.App. 2003).
Â Â Â Â Â Â Â Â Â Â The determination of whether a juror is disabled is within the discretion of the trial
court. See Brooks v. State, 990 S.W.2d 278, 286 (Tex.Crim.App. 1999). Absent an abuse
of that discretion, we will not find reversible error. Id. A trial court abuses its discretion if
its decision was arbitrary or unreasonable, Brown v. State, 960 S.W.2d 772, 778
(Tex.App.âDallas 1997, pet. refâd), or, given the record and the applicable law, the decision
fell outside the zone of reasonable disagreement. See Benitez v. State, 5 S.W.3d 915,
918 (Tex.App.âAmarillo 1999, pet. refâd). In other words, a trial court abuses its discretion
only if the reviewing appellate court can say with confidence that no reasonable perception
of the matter under consideration could have yielded the decision made by the trial court. 
See Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on rehâg). 
Â Â Â Â Â Â Â Â Â Â In the present case, the trial court found that Mendez was disabled due to an
emotional state which hindered her ability to perform her duties as a juror. The trial court
based its ruling on its âobservation of her yesterday and her uncontrollable crying and
shaking.â The court stated that Mendez had become âemotionally distraughtâ after hearing
testimony relating to the 911 call in the present case and the court opined that âit would be
a major problem to have her continue to serve on the jury . . . .â Further, Mendez stated
that she did not believe that she would be able to be a fair and impartial juror in this case. 
Because the trial court was able to observe Mendezâs attitude and demeanor and could
have reasonably determined that hearing the evidence in this case would have caused an
emotional state that would have prevented her from fully and fairly performing the functions
of a juror, we cannot conclude that the trial court abused its discretion in dismissing
Mendez as disabled and proceeding to trial with 11 jurors.



Â Â Â Â Â Â Â Â Â Â We overrule appellantâs first issue.
Expert Opinion Testimony
Â Â Â Â Â Â Â Â Â Â By his second issue, appellant contends that the trial court erred by admitting the
expert opinion testimony of Lubbock Police Corporal Jeanelle Taveau without a proper
predicate being laid pursuant to Texas Rule of Evidence 702. Specifically, appellant
contends that the trial court erred in failing to determine whether Taveauâs opinion
testimony was reliable before admitting it. 
Â Â Â Â Â Â Â Â Â Â Soon after the motorcycle accident, Taveau, the lead accident investigator in this
case, arrived at the scene. Taveau photographed the accident scene and made markings
in the pavement to preserve evidence relevant to determining how the accident occurred. 
From her observations of and evidence collected at the scene of the accident, Taveau was
able to calculate that appellant was traveling at a speed of between 52 and 56 miles per
hour when he first lost control of the motorcycle.


 Taking into account road conditions at
the time of the accident, Taveau concluded that appellant was traveling at an unsafe speed
and failed to control his vehicle, which caused the accident that caused Payneâs injuries.
Â Â Â Â Â Â Â Â Â Â Appellant concedes that he did not object to Taveauâs opinion testimony at trial. 
Additionally, appellant did not request the trial court conduct a Daubert hearing pursuant
to Texas Rule of Evidence 702. See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579,
590-95, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); Kelly v. State, 824 S.W.2d 568, 572-73
(Tex.Crim.App. 1992). To preserve a complaint of error relating to the admission of
evidence, an appellant must have made a specific and timely objection to the evidence at
trial. See Tex. R. App. P. 33.1(a); Ethington v. State, 819 S.W.2d 854, 858 (Tex.Crim.App.
1991). Because appellant failed to make a timely and specific objection to Taveauâs expert
opinion testimony at trial, nothing has been preserved for our review.
Â Â Â Â Â Â Â Â Â Â We overrule appellantâs second issue.
Ineffective Assistance of Counsel
Â Â Â Â Â Â Â Â Â Â Finally, by his third issue, appellant contends that he was denied the effective
assistance of counsel at trial. Specifically, appellant contends that his trial counsel
provided ineffective assistance based on his failure to object to or to request a Daubert
hearing on Taveauâs expert opinion testimony relating to the cause of the motorcycle
accident.
Â Â Â Â Â Â Â Â Â Â Ineffective assistance of counsel claims are reviewed under the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984). See Hernandez v. State, 726 S.W.2d 53, 57 (Tex.Crim.App. 1986) (adopting
Strickland as applicable standard under Texas Constitution). The first prong of the
Strickland test requires a showing that counselâs performance was deficient, which requires
a showing that counsel made errors so serious that counsel was not functioning as the
counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The second
prong of the Strickland test requires a showing that counselâs deficient performance
prejudiced the defense, which requires a showing that counselâs errors were so serious as
to deprive the defendant of a fair trial. Id.
Â Â Â Â Â Â Â Â Â Â Review of a claim of ineffective assistance of counsel must be highly deferential to
trial counselâs trial strategies and decisions. Id. at 689. Because of the distorting effects
of hindsight, we must indulge a strong presumption that counselâs conduct falls within the
wide range of reasonable professional assistance and the defendant must overcome the
presumption that the challenged action âmight be considered sound trial strategy.â Id. In
order to overcome this burden, the defendant must specify the particular acts or omissions
allegedly constituting ineffectiveness, present evidence illustrating why counsel did what
he did, and establish how that strategy was unsound. Rodriguez v. State, 974 S.W.2d 364,
371 (Tex.App.âAmarillo 1998, pet. refâd). A direct appeal is usually an inadequate vehicle
for raising claims of ineffective assistance because the record is generally undeveloped. 
Goodspeed v. State, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005). Trial counsel should
ordinarily be afforded an opportunity to explain his actions before being denounced as
ineffective and, absent such an opportunity, an appellate court should not find deficient
performance unless the challenged conduct was âso outrageous that no competent
attorney would have engaged in it.â Id.
Â Â Â Â Â Â Â Â Â Â Appellant argues that, âIt cannot be effective strategy to permit the admission of
expert opinion testimony on a significant element of the offense without objection or a
Daubert hearing pursuant to Rule 705(b).â However, appellant has failed to show how
Taveauâs testimony regarding the speed at which appellant was traveling when the
accident occurred constitutes a significant element of the offense of intoxication assault. 
The offense, as applicable to this case, required the State to prove that appellant, by
accident or mistake, while operating a motor vehicle in a public place while intoxicated,
caused serious bodily injury to another by reason of that intoxication. See Tex. Penal
Code Ann. Â§ 49.07(a)(1) (Vernon Supp. 2008). Even if appellantâs speed constituted a
significant element of the charged offense, Payne testified that appellant told her that he
was driving at a speed around 60 miles per hour at the time of the accident. There was
no objection to this testimony at trial and there is no appellate claim that trial counselâs
failure to object to this testimony was ineffective assistance. Thus, Taveauâs testimony
regarding the speed that appellant was traveling at when the accident occurred is merely
cumulative of other evidence that was admitted without objection and this other evidence
has not been raised by appellantâs ineffective assistance claim. Finally, we note that
appellantâs trial counsel attempted to establish, through Taveauâs expert testimony, that
the cause of the accident was another vehicle clipping or hitting appellant and causing him
to lose control of the motorcycle. Clearly, appellant had strategic reasons to avoid
discrediting the Stateâs accident reconstruction expert when appellant intended to establish
a defense through her expert testimony. Because the record does not establish trial
counselâs strategy in not objecting to or otherwise challenging Taveauâs testimony and as
there are legitimate and sound trial strategies that would justify the failure to do so, we
cannot conclude that trial counsel failed to provide effective assistance.
Â Â Â Â Â Â Â Â Â Â We overrule appellantâs third issue.
Â 
Conclusion
Â Â Â Â Â Â Â Â Â Â Having overruled each of appellantâs issues, we affirm the judgment of the trial
court.
Â 
Mackey K. Hancock

Justice



Publish.


PANEL
D

Â 

 AUGUST
3, 2010

   ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JOEL JACOB FLORES, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 1102149D; HON.
GEORGE GALLAGHER, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Anders Opinion

_______________________________

Â 

Before QUINN, C.J., and CAMPBELL and PIRTLE,
JJ.

Joel
Jacob Flores (appellant) appeals his conviction for aggravated sexual assault
of a child under fourteen years of age.Â  AppellantÂs appointed
counsel has now filed a motion to withdraw, together with an Anders[1]
brief, wherein he certified that, after diligently searching the record, he
concluded that the appeal was without merit.Â 
Along with his brief, appellate counsel filed a copy of a letter sent to
appellant informing him of counselÂs belief that there was no reversible error
and of appellantÂs right to file a response pro se. Â Appellant timely filed a pro se response.

Â Â Â Â Â Â Â Â Â Â Â  In compliance with the principles
enunciated in Anders, appellate counsel discussed three potential areas
for appeal.Â  They included the 1)
admonishments concerning punishment and sex offender registration, 2) amount of
punishment assessed and 3) ineffective assistance of counsel.Â  However, counsel then proceeded to explain
why the issues were without merit.

Â Â Â Â Â Â Â Â Â Â Â  In addition, we have conducted our
own review of the record and appellantÂs pro
se response to assess the accuracy of appellate counselÂs conclusions and
to uncover any reversible error pursuant to Stafford v. State, 813
S.W.2d 508 (Tex. Crim. App. 1991).Â  After
doing so, we concur with counselÂs conclusions.Â 


Â Â Â Â Â Â Â Â Â Â Â  Accordingly, the motion to withdraw
is granted, and the judgment is affirmed.[1] 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Â Â Â Â Â Â Â Â Â  Â  Chief
Justice

Â 

Do not publish.Â Â Â Â  

Â 

Â 

Â 











[1]See
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967). 





[1]Appellant has the right to file a pro
se petition for discretionary review from this opinion.